UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Hui Zhang,<br><br>    Plaintiff(s),<br><br>v.<br><br>Canadian Solar Inc. et al.,<br><br>    Defendants. | 25-CV-614 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

On January 20, 2025, Plaintiff proceeding *pro se* filed the Complaint.[1] The alleged events giving rise to this action took place outside of this District.[2] Moreover, none of the parties to this lawsuit reside in this District.[3] Therefore, it is not clear that Plaintiff has filed this lawsuit in the proper venue.

Normally, a district court cannot dismiss a case for improper venue without a defendant raising a venue-based objection.[4] But when there are "extraordinary circumstances," the district court can decide on its own to dismiss a case based on improper venue.[5] "Extraordinary circumstances" includes when "neither the activities not the parties alleged in th[e] complaint have any relation to th[e] district" where the case is brought.[6] This case appears to present an

---

[1] ECF No. 1

[2] *See id.* at 5 (describing the place where the claim occurred as "199 Lishan Road, Gaoxin District, Suzhou, Jiangsu Province, China."); *id.* (failing to mention, in statement of facts, any action taken by a defendant that occurred in this District).

[3] *See id.* at 4. One Defendant is based in Canada, and the other two are based in China.

[4] *See, e.g., Gomez v. USAA Fed. Savs. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) ("A district court may not dismiss a case *sua sponte* for improper venue absent extraordinary circumstances.").

[5] *Id.*

[6] *Stich v. Rehnquist*, 982 F.2d 88, 89 (2d Cir. 1992).

"extraordinary circumstance" justifying the Court to, on its own motion, dismiss the case for improper venue.

**By March 10, 2025**, Plaintiff shall file a two-page letter on ECF explaining why venue is proper in this District.

SO ORDERED.

Dated: February 20, 2025
    New York, New York

_____
DALE E. HO
United States District Judge