Zhang v. Canadian Solar Inc. et al
Case No. 25-cv-614

The Court appreciates Plaintiff's explanation of the status of service. Given the length of time that may be associated with service in China, the Court stays the case for a period that ends the earlier of (i) November 7, 2025, or (ii) seven days after service on any one Defendant is complete. Plaintiff shall file a status letter a status letter every 90 days and also within seven days after service on any single Defendant is complete.

SO ORDERED:

5/8/2025

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

On February 19th, I went to the U.S. District Court for the Southern District of New York to pay the filing fee. This was also when the court office gave me the defendant's summons for me to serve.

According to the District Court's guide for serving the summons and complaint, Serving a Foreign Government or a Defendant in a Foreign Country - Rule 4(j) and Rule 4(f) states that "If the defendant resides in a country that is signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, then service by registered mail may be acceptable."

On that day I sent two registered letters. The first registered letter was to defendant Xiaohua Qu (Shawn Qu) to his address in China, where he primarily resides despite being a Canadian citizen. This letter contains the complaint as well as the summons for all three defendants, which is because besides being one of the three defendants, Xiaohua Qu is also the Chairman of the Board for both Canadian Solar and CSI Solar, the two other defendants. The other registered letter was sent to Yan Zhuang, the CEO of CSI Solar, to his address in China, containing the complaint and the summons for CSI Solar. These two registered letters were both delivered on March 4th.

In addition, I also sent a registered letter to the defendant Canadian Solar Inc. at their address in Canada. This registered letter was delivered on May 6th (see below).

However, I soon discovered that although China is a signatory to the Hague Service Convention, the country formally objected to service under Article 10 and does not permit service via postal channels. The only method of service is through the Chinese Central Authority. Requests for service are to be sent to the Central Authority who, after reviewing the request, passes it to the Supreme People's Court, who then passes it to the High People's Court of the province, who passes it to an Intermediate People's Court with jurisdiction over the defendant. The Intermediate People's Court then arranges the service in accordance with Chinese law, and once the defendant is served, the Intermediate People's Court will pass the proof of service back to the High People's Court of the province, who then passes it to the Supreme People's Court, who finally passes it back to the Chinese Central Authority. The Central Authority will then notify me that the defendant has been served and provide the proof of service. This is a very lengthy process that can take many months or even a year to complete.

I requested service from the Chinese Central Authority on March 5th. On March 12th, the Chinese Central Authority notified me that they have transferred the complaint and the summons to the Supreme People's Court according to the service process (see below). I cannot directly verify the status of the service with the Supreme People's Court nor the High People's Court nor the Intermediate People's Court. I can only check whether the Chinese Central Authority has received the proof of service.

As the Intermediate People's Court is the one arranging the service and not an individual, there is no outcome where the defendant is not served, but it may take a long time for the process to be completed. Only by going through this process will the Chinese government and judiciary recognize and execute the verdict of courts outside of China as well as approve of the taking of evidence in China.









