UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Zhang,<br><br>                          Plaintiff(s),<br><br>          v.<br><br>Canadian Solar Inc., et al.,<br><br>                          Defendant(s). | |

25-CV-614 (DEH)

<u>ORDER</u>

DALE E. HO, United States District Judge:

On January 20, 2025, the same day this case was initiated, Plaintiff, appearing pro se, filed consent to receive electronic service.  ECF No. 2.  On February 12, 2026, Defendant Canadian Solar Co., Ltd. ("Canadian Solar") filed a motion to dismiss.  ECF No. 26.  Pursuant to Local Rule 6.1, Plaintiff was required to file any opposition to the motion by February 26, 2026. Plaintiff failed to file any opposition.  On March 23, 2026, Defendant Canadian Solar filed a letter addressed to the undersigned, requesting the Court to consider the motion fully briefed. ECF No. 31.  The next day, March 24, 2026, this Court issued an order granting—as a courtesy and in light of Plaintiff's pro se status—an extension nunc pro tunc to Plaintiff to file any opposition to Defendant Canadian Solar's motion to dismiss.  ECF No. 32.  In that order, the Court directed Plaintiff to file any opposition by April 14, 2026.  *Id.*

Later that same day, March 24, 2026, Plaintiff purported to withdraw consent to electronic service, and requested that all documents be delivered by mail to Beijing, China.  ECF No. 33.  On April 10, 2026, four days before the already extended deadline to oppose the pending motion to dismiss, Plaintiff filed a letter asserting they were never served with the motion to dismiss, and according to the Office of Pro Se Litigation's Motions Guide, "the moving party must serve parties without lawyers with paper copies of their documents."  ECF

No. 35.  On April 14, 2026, Defendant Canadian Solar filed a letter contesting Plaintiff's assertion that they were never served with the motion to dismiss.  ECF No. 36.  On April 14, 2026, Plaintiff also filed a letter re-asserting their claim that they were never served paper copies of the motion to dismiss, that they were preparing an opposition and an amended complaint, and would be prepared to file completed versions of those documents once served with paper copies of the motion to dismiss.  ECF No. 39.  Plaintiff separately filed incomplete versions of an amended complaint, ECF No. 38, and opposition, ECF No. 40.

The Court writes to clarify the parties' obligations in this case.

At the time Defendant Canadian Solar filed its motion to dismiss, Plaintiff was properly served because Plaintiff had elected electronic service.  Federal Rule of Civil Procedure 5(b)(2)(E) explicitly states that service is properly executed by "sending [pleadings and other papers] to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served."  Plaintiff has made no representation that the motion to dismiss never reached them, only that Plaintiff never received the motion in hard copy specifically.  Accordingly, service was properly effectuated on February 12, 2026 when the motion was filed, and Plaintiff's deadline for filing their opposition was February 26, 2026, extended as a courtesy to April 14, 2026.

Further, under Rule 15(a)(1), a complaint may only be amended without leave of the court if it is done so within 21 days of service or, as relevant here, within 21 days of service of a Rule 12(b) motion.  Those dates have long passed.  Plaintiff filed the complaint on January 20, 2025, meaning the window to amend without leave closed on February 10, 2025.  That window re-opened after Defendant Canadian Solar filed its motion to dismiss on February 12, 2026, but it

closed again on March 5, 2026.  Thus, Plaintiff may only file an amended complaint if the Court gives Plaintiff permission to do so.

Plaintiff is, of course, within their right to withdraw their consent to electronic service, but that withdrawal does not relieve them of their obligations to prosecute their case and to adhere to the Federal, Local, and Individual Rules of the Court.  The Court typically offers pro se parties some leniency with respect to procedural requirements and deadlines given their presumed unfamiliarity with the legal process.  That leniency, however, is within the Court's discretion and should not be exploited to delay or otherwise unnecessarily waste judicial resources.

Given Plaintiff's representation that they are prepared to file their opposition upon proper service, the Court extends the deadline, nunc pro tunc, to oppose the motion to dismiss and/or to file a letter requesting leave to amend the complaint, to **April 27, 2026**.  If Plaintiff seeks leave to amend, Plaintiff shall attach the proposed amended complaint to their letter motion.  Failure to either file an opposition or seek leave to amend will result in the Court treating the motion as fully briefed, and no further extensions will be granted.

3

Defendants are directed to serve Plaintiff with a copy of this Order and to file proof of service on the docket by **April 21, 2026**.  Additionally, pursuant to the Notice of Appearance filed on January 23, 2026, ECF No. 22, and the February 25, 2026 Order for Admission Pro Hac Vice, ECF No. 30, the Clerk of Court is respectfully directed to list attorneys Joseph Kroetsch and Victoria Scordato as the attorneys of record for Defendant Canadian Solar.  Finally, the Clerk of Court is also respectfully directed to strike ECF Nos. 38 & 40 from the record.

SO ORDERED.

Dated: April 20, 2026
         New York, New York

                                        DALE E. HO
                                United States District Judge

4