UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HUI ZHANG,                                    :
                                              :
                              Plaintiff,      :          25-CV-614 (DEH) (RWL)
                                              :
              - against -                     :
                                              :          **ORDER**
CANADIAN SOLAR INC. et al.,                   :
                                              :
                              Defendants.     :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On January 20, 2025, Plaintiff, appearing pro se, filed this action and consented to receive electronic service. (Dkt. 2; *see also* Dkts. 9-10.) For over a year, the Court issued various orders directed to Plaintiff and to which Plaintiff responded. (*See* Dkts. 8, 11, 14-21.) Plaintiff never raised any concern during that time about receiving service electronically.

On February 12, 2026, however, Defendant CSI Solar Co., Ltd. ("CSI Solar") filed a motion to dismiss. (Dkt. 26.) A month later, on March 24, 2026, Plaintiff filed a letter withdrawing consent to electronic service, without providing any justification for doing so, and requested that all documents be delivered by mail to Beijing, China. (Dkt. 33.)

On April 10, 2026, four days before the already extended deadline to oppose the pending motion to dismiss, Plaintiff filed a letter asserting they were never served with the motion to dismiss. (Dkt. 35.) On April 14, 2026, Defendant CSI Solar filed a letter contesting Plaintiff's assertion that Plaintiff was not served with the motion to dismiss. (Dkt. 36.) That same day, Plaintiff filed a letter re-asserting their claim that they were never served paper copies of the motion to dismiss, that they were preparing an opposition and an amended complaint, and they would be prepared to file completed

1

versions of those documents once served with paper copies of the motion to dismiss. (Dkt. 39.)  Contemporaneously with that request, Plaintiff filed well-formed, but according to Plaintiff incomplete, versions of an amended complaint and a memorandum in opposition to Defendant CSI Solar's motion to dismiss.  (Dkts. 38, 40.)

On April 20, 2026, Judge Ho issued an order repeating the parties' obligations in this case and clarifying that Plaintiff was properly served with Defendant CSI Solar's motion to dismiss.  (Dkt. 41 at 2.)  The Court struck Plaintiff's purported amended complaint and memorandum in opposition, and extended Plaintiff's deadline, nunc pro tunc, to oppose the motion to dismiss and/or to file a letter requesting leave to amend the complaint, to April 27, 2026.  That deadline remains in effect.

On April 22, 2026, Defendant CSI Solar filed a letter asserting that, while they attempted to serve Plaintiff with Defendant's letter at Dkt. 36 via international courier, the courier had informed Defendant that Plaintiff is "uncontactable," and the address provided – which is the same address Plaintiff identified in their initial complaint (Dkt. 1 at 7) – is "incorrect."  (Dkt. 42; *see also* Dkt. 42 Ex. 1 (email from courier regarding insufficient address).)

On April 23, 2026, the Court issued an order requiring Plaintiff to file a statement to the Court, sworn to under penalty of perjury, attesting to her correct mailing address, email, and phone number.  (Dkt. 44.)  Plaintiff filed a responsive statement as directed and confirmed her mailing address, email, and telephone number.  (Dkt. 52.)  Further, Plaintiff explained that she did not accept the courier delivery of Defendant's letter because "I did not know it was a court document" and "thought it was a scam."  (*Id*.)  That

2

explanation might make sense with respect to responding to a suspicious email, but the Court does not find that to be a credible reason not to accept a letter.

In her letter, Plaintiff also explained that she withdrew from the ECF system because it was troublesome to use to file documents. (*Id.*) Plaintiff conflates two different issues – service and filing. Receiving service by ECF does not require any knowledge of how to file on ECF. It simply requires receiving an email and then clicking through to review and print the document. Plaintiff has not indicated having had any trouble in receiving documents in that fashion.

In view of the foregoing, the Court orders that Defendant may properly serve Plaintiff with filings in this case by emailing to Plaintiff's email address (huizhang1630@hotmail.com). Such service shall be deemed good and sufficient service. Further, the Court will provide Plaintiff with court filings via ECF, and Plaintiff is obligated to monitor her email for email notifications from ECF. Plaintiff is reminded that she is obligated to update the Court with any change of address, email, or telephone number, and that failure to do so can result in dismissal for failure to prosecute.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 7, 2026
        New York, New York

Copies transmitted this date to all counsel of record. The Court respectfully requests the Clerk of Court to email a copy of this Order to the pro se Plaintiff at huizhang1630@hotmail.com.